IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KENNETH BUTCH WARNER,

　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　CIVIL ACTION NO.   5:13-cv-22204

THE TOWN OF PINEVILLE,

　　　　　　　　Defendant.

MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant Town of Pineville's Partial Motion to Dismiss* (Def.'s Mot.) (Document 4), and accompanying *Memorandum in Support* (Def.'s Memo.) (Document 5).  After careful consideration of the Complaint and the written submissions,[1] the Court finds that the Defendant's partial motion to dismiss should be granted.

I.　　　BACKGROUND

On May 24, 2013, the Plaintiff, Kenneth "Butch" Warner ("Plaintiff") filed suit in the Circuit Court of Wyoming County, West Virginia, alleging "violations of [his] civil rights and to redress the unlawful and discriminatory conduct and employment practices of the Defendant." (Compl. ¶ 1.) Specifically, the Plaintiff alleges that

> he was terminated from his employment and targeted for unfair treatment based, in whole or part, upon his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC Sections 2000e, et seq., and the Civil Rights Act of 1981, as amended by the Civil Rights Restoration Act of 1991, 42 USC Section 1981, in violation of the

---

1　　The Court notes that the Plaintiff did not file a Response to the Defendant's Partial Motion to Dismiss.

> Statutory and Common Law of the State of West Virginia, and in violation of the 5th and 14th Amendments to the United States Constitution, and in violation of terms and conditions imposed to prevent race based discrimination in the West Virginia Constitution and the West Virginia Human Rights Act.

(*Id.*) The Plaintiff contends that while an employee of the Town of Pineville, he was "targeted for employee discipline, drug testing and otherwise given negative treatment leading to his termination," because he was African American. (Compl. ¶ 6.) He claims "[t]hat the Town of Pineville, through its agents, employees, mayor and council committed acts outrageous to the ordinarily reasonable and prudent person." (*Id.* ¶ 14.) The Plaintiff alleges he received "racial slurs," and was "antagonized [and] humiliated." (*Id.* ¶ 7.) He was "caused to suffer public embarrassment [and] to suffer the historical discrimination of his race," resulting in "aggravation, psychological distress and anxiety." (*Id.* ¶ 11.)   As a consequence, the Plaintiff "lost [his] job, lost wages … and otherwise was cost economic and status damages." (*Id.* ¶ 12.) He prays for compensatory and punitive damages as well as special damages consisting of front pay, reinstatement and lost wages. (*Id.* ¶ 15.) The Plaintiff also prays for "general damages for the tort of outrage, discrimination, anxiety, mental and emotional distress, humiliation, anxiety (sic) and loss of opportunities, together with statutory damages." (*Id.*)

On August 23, 2013, the Defendant Town of Pineville filed a *Notice of Removal* (Document 1) and attached an *Answer to Plaintiff's Complaint* (Document 2) therein. The Defendant timely removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1391, 1441 and 1446. The Plaintiff did not file any motion seeking to remand the matter.   The Defendant's partial motion to dismiss requests dismissal with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the

Federal Rules of Civil Procedure. (Def.'s Mot. at 3, 6.)   As previously noted, the Plaintiff did not

file a response in opposition.

## II.      JURISDICTION

The threshold question for this Court to consider is whether it has federal subject matter

jurisdiction in this case.   As noted above, this civil action was removed to this Court pursuant to

28 U.S.C. § 1446 and the Defendant's assertion that the Plaintiff's claims arise under the Civil

Rights Act of 1964, 42 U.S.C. §2000e, the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the

Fifth and Fourteenth Amendments to the United States Constitution. Therefore, the Defendant

relies on the Civil Rights Act(s), as well as the Fifth and Fourteen Amendments, as grounds for

federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides that this Court has

"original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the

United States." 28 U.S.C. § 1331.

The party seeking to adjudicate a matter in federal court, through removal, carries the

burden of alleging in its notice of removal and, if challenged, demonstrating the court's

jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th

Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The

burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation

omitted). The Fourth Circuit has held that "[w]hile a defendant filing a notice of removal under 28

U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain statement—just as federal

jurisdiction is pleaded in a complaint—when removal is challenged, the removing party bears the

burden of *demonstrating* that removal jurisdiction is proper." *Strawn v. AT & T Mobility LLC*, 530

F.3d 293, 297 (4th Cir. 2008) (quoting *Ellenburg v. Spartan Motor Chasis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

Noting that the Defendant's removal motion is unchallenged, it appears from a review of the record and pleadings before this Court that the Defendant has satisfied its initial burden of alleging federal question jurisdiction. The Plaintiff's claims are almost entirely matters pertaining to federal statutes, including Title VII of the Civil Rights Act of 1964 (Title VII) and the Civil Rights Act of 1991. (Compl. ¶ 1.) He also alleges violations of the Fifth and Fourteenth Amendments to the United States Constitution. (*Id.*) Clearly, most of these claims present federal questions and thus, the jurisdiction of this Court is proper.

### III.    STANDARD OF REVIEW

*A.  12(b)(1)*

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. Federal courts derive their jurisdictional power to hear cases and controversies from Article III of the Federal Constitution. It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits. Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." *Thigpen v. United States,* 800 F.2d 393, 401 n. 15 (4th Cir.1986), *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988). In this case, the Defendant has facially attacked the Plaintiff's Complaint.  A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. (*Id.*) If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. (*Id.*) The

burden of proving subject matter jurisdiction in a motion to dismiss is on the party invoking such

jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765,

768 (4th Cir.1991).

B.   *12(b)(6)*

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court

must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*,

551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those

facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are

insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the court

need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E.

Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice…

[because courts] 'are not bound to accept as true a legal conclusion couched as a factual

allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555

(2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678

(quoting *Twombly,* 550 U.S. at 570.)   In other words, this "plausibility standard requires a

plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'"

*Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.)   In

the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' the plaintiff has

5

stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## IV.    DISCUSSION

The Court finds that the Town of Pineville's Partial Motion to Dismiss should be granted. First, the Plaintiff's allegations in the Complaint are insufficient to sustain this Court's jurisdiction with respect to the Title VII claim. Fed. R. Civ. P. 12(b)(1). Second, even assuming the remaining allegations to be true, the Plaintiff has failed to state a claim upon which relief can be granted with respect to the alleged violations the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. § 1981, and Fifth and Fourteenth Amendment. Fed. R. Civ. P. 12(b)(6).

### A.  *Title VII Claim*

The Defendant argues simply that the Plaintiff never pursued, let alone satisfied, the "multi-tiered administrative scheme" mandated by Title VII. (Def.'s Memo at 4.) In support, the Defendant contends that the Plaintiff failed to file a charge with the appropriate state agency or EEOC, and, similarly, was not entitled to and did not receive a right-to-sue letter from the EEOC. (*Id*.) The Defendant also argues that the Plaintiff's Title VII claim is time barred, pointing this Court to the plain wording of 42 U.S.C. §2000e. (*Id*. at 5.)

Title VII specifically vests enforcement functions related to discriminatory practices in either an appropriate state agency and/or the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-5. The Fourth Circuit "has long held that the receipt of, or at least

entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis v. North Carolina Department of Correction*, 48 F.3d 134, 140 (4th Cir. 1995) *See* e.g. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Accordingly, "[w]hen a plaintiff fails to raise a Title VII claim before the EEOC, the district court lacks subject matter jurisdiction to hear it." *Lowe v. City of Monrovia*, 775 F.2d 998, 1003 (9th Cir. 1985).

A review of the Plaintiff's Complaint supports the Defendant's contention and reveals no pleading indicating receipt of, or entitlement to a right-to-sue letter from the EEOC. Indeed, it is undisputed that the Complaint is *entirely* silent with respect to any pre-suit administrative relief having been sought, whether state or federal, to remedy the alleged discrimination. As such, this Court does not enjoy jurisdiction over the Plaintiff's Title VII claim, and thus, that claim should be dismissed with prejudice.

Furthermore, even assuming *arguendo* the Plaintiff's receipt of, or entitlement to, a right-to-sue letter, the statute of limitations explicitly referenced in Title VII had long passed before the filing of the Complaint. 42 U.S.C. § 2000e-5(e)(1) demands that a charge pursuant to Title VII be filed with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred … ." That same section of 42 U.S.C. § 2000e dictates, however, that in the event a Plaintiff first seeks relief with an appropriate "State or local agency," a claim must nonetheless be filed "within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier." (*Id*.) In the instant case, Plaintiff did not file suit in the Circuit Court of Wyoming County, West Virginia, until May

7

24, 2013, nearly two years to the day after his alleged unlawful termination on May 25, 2011. (*See*

Complaint.) Thus, the Complaint was filed well past the mandatory dates established in 42 U.S.C.

§ 2000e, irrespective of the possession of, or entitlement to, a right-to-sue letter.

### B.  42 U.S.C. § 1981 claim

Plaintiff's related cause of action for unlawful and wrongful discharge in violation of the

Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. §

1981, likewise fails given the standard delineated in Fed. R. Civ. P. 12(b)(6). In support of the

motion to dismiss, the Defendant asserts that the Plaintiff failed to state a claim because the

Plaintiff based his discrimination claim(s) on the language of 42 U.S.C. § 1981, instead of § 1983,

thereby failing to allege a claim "necessary to remedy that alleged violation against a

governmental actor such as the Defendant." (Def.'s Memo. at 7-8.)   42 U.S.C. § 1981 states that:

> [a]ll persons within the jurisdiction of the United States shall have the
> same right in every State and Territory to make and enforce contracts,
> to sue, be parties, give evidence, and to the full and equal benefit of all
> laws and proceedings for the security of persons and property as is
> enjoyed by white citizens, and shall be subject to like punishment,
> pains, penalties, taxes, licenses, and exactions of every kinds, and to no
> other.

42 U.S.C. § 1981(a).   As the Supreme Court of the United States noted, however, when suit is

filed against the State or their actor, including a municipality, § 1983 is the "exclusive federal

remedy for violation of the rights guaranteed in § 1981." *Jett v. Dallas Indep, Sch. Dist.*, 491 U.S.

701, 733 (1989) (*See also Roberson v. City of Goldsboro*, 564 F.Supp.2d 526 (E.D.N.C. 2008);

(*Bowyer v. District of Columbia*, 2012 WL 6622618 (D.D.C. 2012). Even though 42 U.S.C. § 1981

was amended in 1991, ensuing Fourth Circuit case law instructs this Court that the holding in *Jett*

remains applicable. *See Dennis v. County of Fairfax*, 55 F.3d 151, 156 n.1 (4th Cir. 1995); *Lewis v.*

*Robeson County*, 63, Fed.Appx. 134, 138 (4ᵗʰ Cir. 2003)(per curiam)(unpublished). The Fourth

Circuit in *Dennis* looked to the thorough post-1991 Congressional Amendment analysis of 42

U.S.C. § 1981 in *Phillippeaux v. North Central Bronx Hospital*. *Phillippeaux* declared:

> that *Jett* continues to state accurately the law under which
> municipalities may be held liable for Section 1981 violations by
> their employees or agents. Therefore, to assert a Section 1981 claim
> against municipal entities, as plaintiff has done in this case, plaintiff
> must allege a violation of Section 1983 and meet the requirements
> of *Monell*. Because, as discussed above, plaintiff has failed to assert
> a violation of Section 1983, his Section 1981 claim is dismissed
> with prejudice.

871 F.Supp. 640 (S.D.N.Y., 1994) (footnote omitted). Because in the instant case it is undisputed

that the Plaintiff alleged a cause of action sounding in § 1981, and not § 1983, he has failed to state

a claim upon which relief can be granted. For that reason, the 42 U.S.C. § 1981 claim should be

dismissed with prejudice.

### C. Fourteenth Amendment Claim

The claims relating to alleged Fifth and Fourteenth Amendment violations also fail as a

matter of law.[2] The Fourteenth Amendment's Equal Protection Clause declares that "[n]o State

shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const.

amend. XIV, § 1. The equal protection clause "limits all state action, prohibiting any state from

denying a person equal protection through the enactment, administration, or enforcement of its

laws and regulations." *Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal,*

135 F.3d 275, 289 (4th Cir.1998) (internal quotation marks & emphasis omitted). As a

---

2      The Plaintiff's Complaint did not identify the particular basis for his Fifth or Fourteenth Amendment claims,
whether premised on substantive due process, procedural due process, or a liberty interest. Regardless of the basis, the
Plaintiff has failed to state a claim upon which relief can be granted for either a Fifth or Fourteenth Amendment claim.

consequence, the Fourth Circuit has been clear that the Fourteenth Amendment does not create a cause of action for any deprivations of the rights contained in the Constitution. *See Hughes v. Bedsole*, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995). Instead, it is <u>again</u> § 1983 of 42 U.S.C. that provides the statutory cause of action for abuses of the protections contained in the Fourteenth Amendment to the United States Constitution. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 119-120 (1992). As mentioned above, it is undisputed that the Plaintiff's Complaint is wholly silent with regards to 42 U.S.C. § 1983. As such, the Plaintiff's Fourteenth Amendment claim should also be dismissed with prejudice.

### D. Fifth Amendment Claim

Finally, the Plaintiff alleges that the Town of Pineville, "through unlawful and discriminatory conduct and employment practices," violated the "5th Amendment" to the United States Constitution. (Compl. ¶ 1.) It is well settled that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law." *Dusenbery v. U.S.*, 534 U.S. 161, 167 (2002) (quotations omitted). Thus, because the lone Defendant here is a town or municipality and not the federal government, the Plaintiff's Fifth Amendment claim should likewise be dismissed with prejudice.

In sum, "although we accept the well-pleaded factual allegations of a complaint as true, and we draw reasonable inferences therefrom in the plaintiff's favor, we do not blindly accept 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences,' nor do we accept 'allegations that contradict matters properly subject to judicial notice.'" *Stratton v. Mecklenburg County Dept. of Social Services*, 521 Fed.Appx 278 (4th Cir.

2013) (quoting *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir.2002)). It appears from a review of the Complaint that the Plaintiff has not stated any claim upon which relief can be granted in light of basic pleading standards and well established case law. As such, all of the Plaintiff's federal claims should be dismissed.

### E.  State Law Claims

This Court must also make a determination about its jurisdiction over the remaining state claims. "When a case presents a federal question, the court has supplemental jurisdiction over state law claims which are part of the same case or controversy." *Pinnoak Resources, LLC v. Certain Underwriters at Lloyd's, London*, 394 F.Supp.2d 821, 828 (S.D.W. Va. Jan. 13, 2005) (citing 28 U.S.C. § 1367.) "The United States Supreme Court has ruled that the supplemental jurisdiction statute applies to removal actions." (*Id.*) (citing *City of Chicago v. International College of Surgeons,* 522 U.S. 156 (1997)).   28 U.S.C. § 1367, the supplemental jurisdiction statute, provides that "the court is permitted, but is not required, to retain jurisdiction over the related state claims." *Pinnoak Resources*, 394 F.Supp.2d at 828. "[A] court has discretion to dismiss or keep a case when it 'has dismissed all claims over which it has original jurisdiction.'" *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (quoting 28 U.S.C. § 1367(c)(3)).   In other words, a federal court may retain state law claims even after "the federal basis for an action drops away." *Shanaghan*, 58 F.3d at 109 (citing 28 U.S.C. § 1367). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." (*Id*. at 110) (citation omitted.) A district court's decision to retain or to decline jurisdiction may be informed by the "convenience and fairness to the parties, the existence of any

underlying issues of federal policy, comity and considerations of judicial economy." (*Id.*) (citing

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Court notes that the Plaintiff's state law claims consist of alleged violations of the

"terms and conditions imposed to prevent race based discrimination in the West Virginia

Constitution and the West Virginia Human Rights Act," as well as the "tort of outrage." (Compl. ¶

1, 15.) Finding that any state law claim arising out of the same alleged actions by the Town of

Pineville would necessarily involve the same "case or controversy," for purposes of this

Memorandum and Order, the Court chooses to exercise its inherent discretion to decline

jurisdiction over the state law claims remaining in this case. The Court has considered that the

scheduling order has only recently been entered, and the only remaining claims are state law

claims. Therefore, after careful consideration of the convenience and fairness to the parties as well

as judicial economy, the Court, in its discretion, elects to decline jurisdiction over the state law

claims.

## CONCLUSION

WHEREORE, after careful consideration and based on the findings herein, the Court does

hereby **ORDER** that the *Defendant Town of Pineville's Partial Motion to Dismiss* (Document 4)

be **GRANTED** and that all of the federal claims included in Plaintiff's Complaint be

**DISMISSED WITH PREJUDICE**.   Further, the Court **ORDERS** that the remaining state law

claims be **REMANDED** to the Circuit Court of Wyoming County, West Virginia.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party, and a certified copy to the Clerk of the Circuit Court of Wyoming County, West Virginia.

ENTER:        October 30, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

13